i ¡.McClendon, j.
In this workers’ compensation case, the employer appeals, asserting solely that the Office of Workers’ Compensation erred in awarding benefits as the employee intentionally made fraudulent statements to obtain benefits in violation of LSA-R.S. 23:1208. For the following reasons, we reverse.
On July 16, 2001, Jose Martinez, a carpenter working for Boh Bros. Construction Company, allegedly injured his right shoulder while removing nails from pieces of wood. On February 23, 2002, Martinez filed a disputed claim for compensation with the Office of Workers’ Compensation. After hearing the matter, the workers’ compensation judge rendered judgment in favor of Martinez and against Boh Bros., awarding Martinez wage and medical benefits. Boh Bros, appeals, asserting that the workers’ compensation judge erred in concluding that Martinez did not intention *852 ally make fraudulent statements to obtain benefits violation of LSA-R.S. 23:1208.
Louisiana Revised Statute 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
E. Any employee violating this Section shall ... forfeit any right to compensation benefits under this Chapter.
Louisiana Revised Statute 23:1208 was intended to prevent and discourage fraud in workers’ compensation cases by use of harsh penalties. See Newman v. Richard Price Const., 02-0995 p. 4 (La.App. 1 Cir. 8/8/03), 859 So.2d 136, 140; Issa v. L.L. & G. Const., Inc., 02-1215 (La.App. 1 Cir. 3/28/03), 844 So.2d 912, 917, writ denied, 03-1875 (La.10/31/03), 857 So.2d 480. The broadly worded statute encompasses false statements or misrepresentations made by anyone, including the employer, physicians, or insurers, when made willfully or deliberately for the purpose of obtaining benefits. The statute contains no requirement that an employee be put on notice of the consequences of making false statements or representations. Resweber v. Haroil Construction Co., 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12. LSA-R.S. 23:1208 applies in all circumstances where (1) there is a false statement or representation, (2) the statement or representation was willfully made, and (3) the statement or representation was made for the purpose of obtaining or defeating any benefit or payment. Resweber, 94-2708 at p. 7, 660 So.2d at 12.
Boh Bros, conducted video surveillance of Martinez on January 17, 2002 and February 7, 2002. On both dates, Martinez was videotaped at his residence cutting small pieces of wood with an ax. Boh Bros, deposed Martinez on May 31, 2002. During his deposition, Martinez stated that he could move his right arm and shoulder, but that it was painful to do so. On two occasions during that deposition, the attorney for Boh Bros, asked Martinez if he could chop wood. Each time, Martinez replied, “No, sir.” Additionally, Martinez testified that he could participate in no physical activity that required using his right shoulder and arm in a swinging motion, such as playing baseball or golf, swinging a sledge, or chopping wood.
At trial, the attorney for Martinez asked him why he denied chopping wood during his deposition. Martinez replied,
Well, at that time, the wood was the furthest thing away from my mind. I had other things on my mind, and I wasn’t even thinking of the wood. He was asking me if I played ball, this or that, golf, tennis and hunt, chop trees and wood, and all this come up. I kept saying no, no, no. Before I knew it, I wasj — wood4 was the furthest thing away from my mind. I wasn’t even thinking of wood.
In response to additional questions by his attorney, Martinez then stated that he did not remember chopping wood when he denied doing so during his deposition.
On cross-examination, when confronted with the inconsistency between his deposition testimony and the surveillance tapes, Martinez replied,
I said I never considered it, what I was doing, chopping wood. It didn’t occur to me what I wasn’t really chopping wood, not to me, no. Chopping wood is when you go out there and get your tree or cut a tree, and you chop the *853 wood all the way down with an ax. That’s chopping wood. Where you’re just chopping up little pieces or whatever, that’s not chopping wood to me, so it never occurred to me about that.
Clearly, the three elements required for forfeiture of benefits pursuant to LSA-R.S. 23:1208 exist in the instant case. Martinez stated in his deposition that he did not chop wood. It is clear from the testimony that Martinez understood the question. However, when faced with surveillance tapes to the contrary at trial, he admitted that he chops wood frequently when he needs it to heat his home. Martinez’s deposition statements clearly constitute willful statements made for the purpose of obtaining workers’ compensation benefits. Therefore, the workers’ compensation judge erred in awarding benefits to Martinez. Martinez answered this appeal, seeking additional attorney’s fees on appeal. Considering the above, additional attorney’s fees are clearly not merited.
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is reversed. Judgment is rendered in favor of Boh Bros., dismissing the claimant’s action for workers’ compensation benefits. Costs are assessed against Jose J. Martinez.
1 .REVERSED.
DOWNING, J., concurs.
PETTIGREW, J., dissents.